# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01174-RPM-KLM

PUBLIC SERVICE COMPANY OF COLORADO d/b/a XCEL ENERGY

and

XCEL ENERGY SERVICES INC.,

    Plaintiffs,

v.

AXIS SURPLUS INSURANCE COMPANY,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

    Plaintiffs Public Service Company of Colorado d/b/a Xcel Energy and Xcel Energy Services Inc, and Defendant Axis Surplus Insurance Company, by their undersigned attorneys, stipulate as follows

    1.    This Protective Order governs the handling of all Confidential Information (defined below), including documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given, or filed during discovery and other proceedings in this action, including Confidential Information produced, given, or filed prior to the date of this Protective Order. The provisions of this Protective Order shall apply to the parties to this action, and any other person(s) producing or disclosing Confidential Information in this action who agree or who are ordered to be bound by this

1

Protective Order. As used herein, "person" includes both the named parties and third parties who have agreed or have been ordered to be bound by this Protective Order.

2. "Confidential Information" is defined as follows: trade secrets; sensitive business or financial information; confidential research, development, or commercial information; confidential or private personal information; or other information which has been treated as confidential by the entity designating the document as confidential and the disclosure of which could cause unwarranted damage to the entity designating the document as confidential and/or any unwarranted damage to third parties doing business with the party designating the document as confidential. Any party to this litigation or any third party may designate Confidential Information as "CONFIDENTIAL" under this Order. "Stamped Confidential Information" means any document which bears the legend (or has otherwise been identified in a reasonably perceptible way) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under this Order. For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be designated as Stamped Confidential Information, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from information not entitled to protection.

3. "CONFIDENTIAL" is defined as follows: Confidential Information designated by any party that the party believes in good faith falls within the definition of

"Confidential Information" set forth in paragraph 2. Information designated as "CONFIDENTIAL" is so designated by stamping or designating each page of the Confidential Information "CONFIDENTIAL." The parties may use information designated as "CONFIDENTIAL" solely for the purposes of prosecuting, defending, or attempting to settle this litigation.

4. Any party to this Agreement and any third party providing documents pursuant to discovery requests may designate any confidential information document as "CONFIDENTIAL" pursuant to this Agreement. Should a third party or the adverse party produce documents that are considered by either party to this Agreement as "CONFIDENTIAL" without stamping them as such, the receiving party may designate the documents as "CONFIDENTIAL" by providing notice to the producing party and the parties to this Agreement within seven days. Any party objecting to the designation as "CONFIDENTIAL" may at any time seek to change that designation under the process identified in paragraph 6, below.

5. Confidential Information designated as "CONFIDENTIAL" may be disclosed to parties; counsel for the parties in this action who are actively engaged in the conduct of this litigation (including the parties' in-house counsel); to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the Confidential Information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video

recording equipment at depositions, and any special master appointed by the court). Such documents may also be disclosed:

    (a)    to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    (b)    to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

    (c)    to outside consultants or experts retained for the purpose of assisting counsel in the litigation;

provided, however, that in all such cases the individual to whom disclosure is to be made has signed and transmitted to all parties the Confidentiality Agreement attached to this Order. Counsel of record shall maintain copies of all executed Confidentiality Agreements and provide copies to all other counsel. Persons obtaining access to Confidential Information designated as "CONFIDENTIAL" shall use the information only for the prosecution, defense or attempted settlement of this litigation.

    6.    A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion within fourteen days after the time the notice is received requesting that the Court determine whether the Stamped Confidential Information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall be treated as

"CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL." All pleadings related to such application to the Court must be filed with restriction Level 1, as defined in Rule 7.2 of the Local Rules of the United States District Court for the District of Colorado, and during the interim period prior to the Court's ruling, the parties shall treat all Stamped Confidential Information in such motion(s) as "CONFIDENTIAL" under the provisions of this Protective Order. Unless a prompt challenge to the designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

7. The designation of a document, information or deposition as Stamped Confidential Information does not constitute an admission or assertion of any material fact, and the fact of designation shall not be admissible in any proceeding to show anything about the document or information other than it being subject to this Protective Order. Further, the designation of a document or information as Stamped Confidential Information does not

constitute agreement that such material is relevant to the subject matter of this dispute or that it constitutes any trade secret, proprietary, or similar information, nor may it be used as evidence of such. The designation of a document or information as Stamped Confidential Information does not Constitute a waiver of any objection to production or admissibility of such material.

8. A deponent may during a deposition be shown and examined about Stamped Confidential Information, but shall not retain or copy portions of the transcript of their depositions that contain Stamped Confidential Information not provided by them or the entities they represent unless they sign the Confidentiality Agreement attached to this Order. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially Confidential Information.

9. All depositions in the case shall be "CONFIDENTIAL" for 14 days following receipt of the transcript. Parties (and deponents) may, within 14 days after receiving the transcript of a deposition, designate pages of the transcript (and exhibits thereto) as "CONFIDENTIAL." Such Confidential Information within the deposition transcript shall be designated by a letter to counsel for the other parties in the litigation identifying by page and line number or by exhibit number those portions of the deposition record that are Stamped Confidential Information. All parties will attach a copy of the letter to each copy of the transcript of the deposition and will appropriately stamp all deposition exhibits not already bearing the appropriate legend. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as

protected. Parties objecting to the designation of "CONFIDENTIAL" shall follow the procedure set forth in paragraph 6 above.

10. Subject to the Federal Rules of Evidence, Stamped Confidential Information and other Confidential Information may be offered in evidence at trial or any court hearing. Prior to trial, any party may move the Court for an order governing the submission and disclosure of Confidential Information during trial.

11. All Confidential Information, or quotations therefrom, including in papers filed with or otherwise disclosed to the Court in oral argument or hearing, shall be filed with or disclosed to the Court pursuant to the provisions of Rule 7.2 of the Local Civil Rules for the United States District Court of the District of Colorado. The party that originally designated the Confidential Information shall bear the responsibility of filing a motion to restrict access within the time provided for in Rule 7.2(D). Unless the Court denies the request for restricted filing or disclosure, such papers or transcripts of oral argument or hearing shall not be disclosed to any person who is not permitted to view such materials pursuant to the terms of this Order..

12. The provisions of this Protective Order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, Stamped Confidential Information and all copies of same (other than exhibits of record and attorney work product) shall be returned to the party or person that produced such documents (at the producer's expense) or, at the option of the producer, destroyed. The requirement to return or destroy Stamped Confidential Information applies also to all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Stamped Confidential

Information. Notwithstanding the foregoing requirements of this paragraph, outside counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain or reflect Stamped Confidential Information. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the information and not more than 150 days after final termination of this litigation.

13. The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of Stamped Confidential Information. Parties shall not duplicate any Stamped Confidential Information except working copies and for filing under seal with this Court.

14. Review of stamped Confidential Information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

15. By stipulating to entry of this Protective Order, no party waives the right to later petition the Court for modification of this Protective Order.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. The times contained in this Protective Order shall be determined according to Fed.R.Civ.P. 6.

Entered this 7th day of December, 2012.

BY THE COURT:

_____
District Court Judge

s/Kevin W. Hecht, original on file at
White and Steele, P.C.

_____
Kevin W. Hecht
John M. Lebsack
White and Steele, P.C.
600 17th Street, Suite 600
Denver, Colorado 80202
Telephone: (303) 296-2828
*Attorneys for Plaintiffs Public Service
Company of Colorado d/b/a Xcel Energy
Public Service and Xcel Energy Services,
Inc.*

s/John R. Trigg, original on file at
Wheeler Trigg O'Donnell LLP

_____
John R. Trigg
Terence M. Ridley
Christopher P. Montville
Wheeler Trigg O'Donnell LLP
370 Seventeenth Avenue, Suite 4500
Denver, Colorado 80202-2818
Telephone: (303) 244-1800
*Attorneys for Defendant
Axis Surplus Insurance Company*

9

## CONFIDENTIALITY AGREEMENT

I, _____, hereby certify that on _____ [date], I read the Stipulated Protective Order entered by the Court in the above-captioned action. I further certify that I understand the Order and that I agree to abide by the Order's contents, so long as it remains in effect, by not disclosing information designated as "CONFIDENTIAL" to anyone except as required by order of the Court and except as permitted by the Stipulated Protective Order.

I agree to submit to the jurisdiction of the United States District Court for the District of Colorado, for appropriate proceedings and the imposition of sanctions, if ordered by the Court, in the event of a breach of the Stipulated Protective Order.

_____
Signature

Subscribed and sworn to before me this ____ day of _____, 2012.

_____
Notary Public

[SEAL]